IN THE CIRCUIT COURT FOR MONGTOMERY COUNTY, MARYLAND

**PETER A. BORLO**  \*
1800 Narrows Lane
Silver Spring, Maryland  20906  \*

           Plaintiff  \*

vs.  \*  Civil Case No. _____

**NAVY FEDERAL CREDIT UNION**  \*
820 Follin Lane
Vienna, Virginia 22180-4907  \*
Serve: J. Cutler Dawson, Jr.
      President and CEO  \*

      Defendant  \*

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## COMPLAINT

    Plaintiff, Peter A. Borlo, by and through his attorney, Douglas R. Taylor, sues the Defendant Navy Federal Credit Union, and for cause of action state as follows:

### PARTIES

    1. Plaintiff Peter A. Borlo is an adult resident of Montgomery County, Maryland and has so resided for more than one (1) year immediately preceding the filing of this Complaint.

    2. That Defendant Navy Federal Credit Union (hereinafter referred to as "the Defendant," or "the Defendant Credit Union,") is a federally charted financial institution which does business throughout the United States, including the State of Maryland.

### JURISDICTION AND VENUE

    3. That jurisdiction is based on the fact that Plaintiff is a resident and domiciliary of the State of Maryland, and the Defendant regularly does business in the State of Maryland.  Venue is proper in this Court because Plaintiff is a resident and domiciliary of

1

Montgomery County, and Defendant has offices in Montgomery County, and regularly does business in the County.

### FACTS COMMON TO BOTH COUNTS

4. That in October of 2005, Plaintiff was hired by a company known as The Manhattan Group, Inc. The owner of The Manhattan Group, Inc. was a man whose name is Darryl S. Paxton.

5. That sometime in November of 2006, while Plaintiff was employed by The Manhattan Group, Inc., Darryl S. Paxton, who also used the name "David Sosa," applied for and obtained an installment loan from the Defendant in the sum of $30,000.00.

6. That Darryl S. Paxton, also known as David Sosa, applied for the aforesaid loan in the name of Plaintiff, Peter A. Borlo. That Plaintiff was totally unaware that his name was being used by Darryl S. Paxton for the purpose of obtaining a loan, and never approved of, nor agreed to, the use of his name and identify by Darryl S. Paxton, or any other person, for this purpose.

7. That at the time Darryl S. Paxton, a/k/a David Sosa, applied for, and was granted a loan by Defendant, neither he nor Plaintiff were members of Defendant Navy Federal Credit Union, or upon information and belief, entitled to use the services of the Defendant.

8. That prior to Darryl S. Paxton, a/k/a David Sosa, stealing Plaintiff's identity for purposes of obtaining a loan from Defendant in his name, Plaintiff became a principal with Darryl S. Paxton in a limited liability company known as the 12th Street Venture for the purpose of acquiring title to real property at 1017 12th Street, N.W., Washington, DC. That Darryl S. Paxton persuaded Plaintiff to borrow the money necessary to purchase said property, and Plaintiff was the only signatory on the loan. This loan was made with another financial institution and not with the Defendant. The money was to be used to acquire the property and to refurbish and renovate it.

9. That Darryl S. Paxton had persuaded Plaintiff to obtain the loan to acquire the 12th Street property, and had promised to refurbish and renovate the property. Paxton never took any action to renovate, improve and otherwise increase the utility and marketability of the property as he had promised to do.

10. Because of Paxton's failure to act to prepare the 12th Street property for sale,

and to sell it, Plaintiff was unable to continue to make payments on the loan on which he was obligated, and, in January of 2008, Plaintiff was forced to file a bankruptcy petition in the State of Maryland in order to prevent the foreclosure of said property.

11. On information and belief, Darryl S. Paxton, a/k/a David Sosa, used information about Plaintiff in the acquisition of the 12th Street property to enable him to assume Plaintiff's identity for the purpose of obtaining a loan from Defendant Credit Union.

12. That Defendant Credit Union made the loan to Darryl S. Paxton under the name of Peter A. Borlo. That the partial account number of the aforesaid loan is 4300066238. . . .

13. That at no time did Peter A. Borlo ever apply to the Defendant Credit Union for a loan, nor did the Defendant Credit Union ever disburse any funds to Plaintiff.

14. That Darryl S. Paxton never made any payments to Defendant Credit Union, and the accounting information pertaining to the aforesaid loan reflect no payments having been made, with a principal balance due and owing to Defendant Credit Union in the sum of $30,000.00.

15. That the Defendant Credit Union's records state that the aforesaid loan is Plaintiff's, and Defendant Credit Union has engaged in collection efforts against Plaintiff, thereby damaging his credit.

## COUNT 1
(Negligence)

16. Plaintiff incorporates by reference all of the factual allegations set forth in Paragraphs 1 though 15 and further states that Defendant Credit Union had a duty and obligation to Plaintiff to accurately identify any person applying for a loan in Plaintiff's name to insure that the person so applying was in fact the Plaintiff.

17. That further Defendant Credit Union had a duty to Plaintiff to insure that the person applying for a loan in Plaintiff's name was a member of Defendant Credit Union and fully authorized to receive financial services from Defendant Credit Union, including obtaining a loan.

18. That notwithstanding the aforesaid duties owed to Plaintiff, upon information

and belief, Defendant Credit Union approved a loan which went to Darryl S. Paxton posing as Plaintiff, and disbursed $30,000.00 to the impostor, Darryl S. Paxton.

19. That Defendant Credit Union approved and disbursed funds to Darryl S. Paxton in violation of its own rules and regulations and failed to insure that the borrower of this loan was the proper person to receive the funds, and failed to discover that the borrower was not Plaintiff as represented to it by one Darryl S. Paxton.

20. That as a direct and proximate result of Defendant Credit Union's negligence as set forth herein, Plaintiff has suffered severe and significant money losses and loss of credit, as well as severe and prolonged emotional distress which continues to the present time, without any negligence on the part of the Plaintiff contributing thereto.

WHEREFORE, Plaintiffs demand judgment against Defendant Credit Union in the sum of the Five Hundred Thousand Dollars ($500,000.00), plus costs of suit.

## COUNT II
(Damage to Credit and Credit Standing)

21. Plaintiff hereby incorporates by reference all of the factual allegations set forth in Paragraphs 1 through 15 and further alleges that Defendant Credit Union has compounded its negligence in granting a loan to an imposter claiming to be Plaintiff, by carrying this "debt" on its records as being owed by Plaintiff.

22. That additionally, Defendant Credit Union has continued to try to collect this "debt" from Plaintiff as evidenced by a letter, dated October 27, 2009, from Defendant's attorney, which is marked "Exhibit #1," and incorporated herein.

23. That Defendant Credit Union has also reported this "delinquent debt" to the national credit reporting agencies which has damaged Plaintiff's credit. That Defendant Credit Union has advised the national credit reporting agencies that it shall carry this "debt" as a "debt" of Plaintiff's until June of 2014.

24. That Defendant Credit Union owes a duty to Plaintiff to insure that the "debt" it claims is Plaintiff's is in fact a "debt" which Plaintiff owes to Defendant.

25. That contrary to the duties owed to Plaintiff, Defendant Credit Union has failed to correct its own records to reflect that the "debt" is not Plaintiff's, and that Plaintiff has been the victim of identity theft, made possible by Defendant Credit Union's

failure to insure that the person it loaned funds to was in fact Plaintiff, and not a person posing as Plaintiff.

26. That Defendant has continued to report this "debt" as a "debt" of Plaintiff's thereby causing continual damage to Plaintiff's credit.

27. That as a direct and proximate cause of Defendant Credit Union's actions to collect a "debt" which is not his, Plaintiff has sustained severe and significant monetary losses and damage to his credit, as well as severe and persistent emotional paid and distress which continues to the present date. That all of Plaintiff's damages and monetary losses are due solely to the actions of the Defendant Credit Union, without any negligence on the part of Plaintiff contributing thereto.

WHEREFORE, Plaintiff demands judgment against Defendant Credit Union in the sum of Five Hundred Thousand Dollars ($500,000.00), plus costs.

Douglas R. Taylor
10400 Connecticut Avenue, Ste. #513
Kensington, Maryland  20895
(301) 949-2230
Fax:  (301) 949-2987
Attorney for Plaintiff

**PLAINTIFF DEMANDS A TRIAL BY JURY**

2011 JAN -7 PM 4:04
LORETTA E. KNIGHT
CLERK'S OFFICE
MONTGOMERY CO. MD.